UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

LISA MAE WHITTENBURG,

        Plaintiff,

    v.

FIRST ADVANTAGE BACKGROUND
SERVICES CORP.,

        Defendant.

Civil Action No. 1:24-cv-02062-SEB-TAB

**JOINT MOTION FOR CONTINUANCE OF TRIAL AND
EXTENSION OF NON-EXPERT AND LIABILITY
<u>DISCOVERY PERIOD AND OTHER PRE-TRIAL DEADLINES</u>**

Plaintiff LISA MAE WHITTENBURG and Defendant FIRST ADVANTAGE

BACKGROUND SERVICES CORP., by their attorneys and pursuant to Rule 16 of the Federal

Rules of Civil Procedure, respectfully move for a continuance of the March 15, 2027 trial date

and an extension of the discovery period and other pre-trial deadlines set forth in the Court's

March 26, 2025 Scheduling Order (ECF No. 21), as amended by the Court's August 26, 2025,

December 5, 2025, March 16, 2026, and May 18, 2026 Orders (ECF Nos. 33, 40, 50, and 55).  In

support of this motion, the parties state as follows:

**<u>INTRODUCTION</u>**

1.      Plaintiff claims that First Advantage misreported information about the issuance

date of her Social Security number ("SSN"), and First Advantage defends that it obtained the

information from Experian, which obtained the information from the Social Security

Administration ("SSA").  Since September 2025, the parties have been attempting to obtain,

through discovery and informal means, the details surrounding the SSA's provision of SSN

issuance data to Experian.  Both parties served subpoenas on Experian and have repeatedly

conferred with Experian's counsel to obtain information and documents. In November 2025, First Advantage served a subpoena on the SSA. On March 2, 2026, after months of attempting to obtain documents without judicial involvement, First Advantage filed a motion to compel the SSA to comply with the Subpoena.

2.     The SSA has now finished searching for responsive information and documents. The SSA mailed Plaintiff responsive documents earlier this week. Plaintiff received those documents on July 1, 2026 and provided them to First Advantage the next day. The SSA will produce the same documents it produced to Plaintiff to Defendant after it receives Plaintiff's signed release authorizing the SSA to produce her Numident record to First Advantage, as represented by counsel for SSA. Plaintiff provided the executed release to First Advantage on July 2, 2026, and First Advantage provided it to the SSA. On July 7, 2026, the SSA's counsel informed First Advantage that the signed release needed to include a reason for the release and indicated listing "'for litigation purposes' or 'for court discovery obligations'" would be sufficient. That same day, First Advantage added those reasons to the release form and provided a copy to Plaintiff for execution. First Advantage's counsel will promptly return the executed form to the SSA once First Advantage receives it.

3.     In light of this development, the parties have scheduled private mediation for August 31, 2026—the first available date for the mediator, the parties, and their counsel. Now that the parties have received key documents from the SSA, the parties are optimistic that this action can be resolved at mediation without the need for further litigation.

4.     A jury trial in this case is currently set for March 15, 2027, and the current deadline for the parties to complete non-expert and liability discovery is July 17, 2026. To optimize the likelihood of settlement at mediation, the parties seek a continuance of the March

15, 2027 trial date, a ninety (90) day extension of the non-expert and liability discovery deadline, and a corresponding extension of other pre-trial deadlines as set forth below.  Absent an extension, the parties will need to complete depositions and discovery by July 17, 2026, which could significantly undermine settlement prospects, especially given the fee-shifting provisions of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA").  Indeed, during the weeks of July 6 and July 13, 2026, First Advantage has noticed a third-party deposition and Plaintiff has noticed five depositions of Defendant.  If this matter is not resolved at mediation, the parties can focus their efforts on completing discovery and, if necessary, preparing this case for trial.

### BACKGROUND AND REQUEST FOR CONTINUANCE AND EXTENSION

5.      This lawsuit arises from information that First Advantage reported about the issuance date of a Social Security number Plaintiff provided in connection with a background screening for Walmart.  Plaintiff claims that First Advantage violated the FCRA by inaccurately reporting that her "Social Security Number was issued prior to her date of birth" and then failing to revise that reporting in response to Plaintiff's disputes.  (Compl. ¶¶ 11–16, 24.)

6.      Specifically, Plaintiff alleges that her SSN was issued after she was born, that it was inaccurate for First Advantage to report that her SSN was issued before she was born, and that First Advantage failed to follow reasonable procedures in reporting that her SSN was issued before her date of birth and failed to reasonably reinvestigate her disputes that this reporting was inaccurate.

7.      Thus, **when** the SSA issued Plaintiff's SSN and **what** the SSA reported to Experian about Plaintiff's SSN are fundamental issues in the litigation.   To obtain that information, First Advantage served a subpoena on the SSA.[1]

8.      On March 2, 2026, First Advantage filed a motion to compel in the United States District Court for the District of Columbia.

9.      On April 3, 2026, the United States District Court for the District of Columbia transferred First Advantage's motion to compel to this Court pursuant to Rule 45(f) of the Federal Rules of Civil Procedure.  On April 15, 2026, the matter was assigned to Chief District Judge James Russell Sweeney, II and referred to Magistrate Judge Mario Garcia.  (*See First Advantage Background Services Corp. v. U.S. Soc. Sec. Admin.*, S.D. Ind. Case No. 1:26-mc-00018-JRS-MG).

10.     On April 20, 2026, First Advantage served Experian with a Subpoena to Testify at a Deposition in a Civil Action.  Among other information, the Subpoena seeks testimony regarding Experian's use and analysis of the issuance data provided by the SSA, Experian's deletion of that data, and Experian's communications with Plaintiff.  Although First Advantage originally scheduled the deposition for May 11, 2026, Experian's counsel responded that "identifying the appropriate individuals with knowledge has been challenging" because "the product at issue has not been active in some time and there is less familiarity with the particular data that would have been relevant to Ms. Whittenburg's circumstances."  After multiple conferral efforts with Experian's counsel, First Advantage served Experian with another Subpoena to Testify at a Deposition in a Civil Action, which is currently set for July 10, 2026.

---

[1] First Advantage initially served a subpoena on Experian to obtain that data, but Experian discontinued the relevant product sometime after reporting Plaintiff's data to First Advantage and then allegedly deleted the associated data several months before Plaintiff filed this lawsuit.

4

Experian's counsel informed First Advantage's counsel that she is not available on that day, and First Advantage offered some alternative dates. Experian's counsel is consulting with her client on those dates.

11.     Plaintiff has agreed to appear for her deposition by First Advantage and has also served deposition notices on First Advantage pursuant to Rules 30(b)(1) and 30(b)(6) of the Federal Rules of Civil Procedure. Because First Advantage is still waiting documents from the SSA, and because the parties remain committed to resolving this matter at the August 31, 2026 mediation, dates for these depositions have not been finalized at this time.

12.     Counsel for Plaintiff, First Advantage, and the SSA have appeared at multiple status conferences before Judge Garcia to discuss First Advantage's motion to compel. Most recently, on July 1, 2026, the SSA informed Judge Garcia that the SSA has completed its search and agreed to produce certain responsive documents in its possession.

13.     The documents in the SSA's possession bear on threshold issues in this case and are not available from any other source. Now that the SSA has agreed to provide responsive materials, the parties are confident that settlement discussions will be productive and have scheduled private mediation for August 31, 2026, the first available date for the mediators, the parties, and their counsel.

14.     The parties need additional time to complete discovery and, if necessary, prepare this case for trial. Also, depending on the SSA's production, Experian's deposition, currently scheduled for July 10, 2026, may ultimately be unnecessary.

15.     For these reasons, the parties respectfully request a continuance of the March 2, 2027 initial pretrial conference and March 15, 2027 jury trial.

16.    The parties also request a ninety (90) day extension of the non-expert and liability discovery period, through and including October 15, 2026, to complete depositions and other remaining discovery.  The parties further seek a corresponding extension of the deadline to file a statement of claims and/or defenses, through and including November 2, 2026, the deadline to complete expert witness discovery and discovery related to damages, through and including December 16, 2026, the deadline to file and serve final witness and exhibit lists, through and including December 17, 2026, and the deadline to file dispositive motions, through and including November 16, 2026.

17.    This motion is filed in good faith and prior to the expiration of the applicable deadlines. This motion is not intended to delay or obstruct the progress of this case, and no party will be prejudiced by granting the requested relief.  This is the fifth request for an extension of the applicable deadlines.  The parties do not anticipate any additional requests for extensions and are confident that, if this matter is not resolved at mediation, discovery can be completed and this case can be ready for trial within the deadlines requested in this motion.

WHEREFORE, the parties respectfully request the Court grant this motion, continue the March 2, 2027 initial pretrial conference and March 15, 2027 jury trial, extend the deadline for completing non-expert and liability discovery from July 17, 2026 to October 15, 2026, and similarly extend other pre-trial deadlines as set forth above.  A Proposed Order is filed with this motion.

LISA MAE WHITTENBURG

FIRST ADVANTAGE BACKGROUND SERVICES CORP.

*/s/  Siobhan McGreal*
Larry Paul Smith (IN# 6217162)
lsmith@smithmarco.com
David M. Marco (IN# 6273315)
dmarco@smithmarco.com
SMITHMARCO, P.C.
5250 Old Orchard Road
Skokie, Illinois 60077
Telephone: (312) 324-3532
Facsimile:  (312) 602-3911

Siobhan McGreal (*pro hac vice*)
smcgreal@consumerlawfirm.com
FRANCIS MAILMAN SOUMILAS, P.C.
1600 Market Street, Suite 2510
Philadelphia, Pennsylvania 19103
Telephone: (215) 735-8600
Facsimile:  (215) 940-8000


Attorneys for Plaintiff

*/s/  Esther Slater McDonald*
Kevin Morris Toner (IN# 11343-49)
ktoner@psrb.com
PLEWS SHADLEY RACHER & BRAUN LLP
1346 North Delaware Street
Indianapolis, Indiana 46202
Telephone: (317) 637-0700
Facsimile:  (317) 968-0976

Frederick T. Smith (*pro hac vice*)
fsmith@seyfarth.com
Esther Slater McDonald (*pro hac vice*)
emcdonald@seyfarth.com
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, Georgia 30309-3958
Telephone: (404) 885-1500
Facsimile:  (404) 892-7056

Attorneys for Defendant


Date:  July 7, 2026

7

## <u>CERTIFICATE OF SERVICE</u>

I certify that, on July 7, 2026, I filed the foregoing document with the Clerk of Court

using the CM/ECF system, which will automatically send e-mail notification of such filing to all

counsel of record.


*/s/ Esther Slater McDonald*
Esther Slater McDonald